## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

IN RE:  **Curtis William Perry**                    **CASE NO.: 3:11-bk-35034**

**Debtor.**                                                    **Chapter: 13**

### MOTION TO MODIFY CONFIRMED CHAPTER 13 PLAN

Comes now the Debtor, **Curtis William Perry,** by and through Debtor's counsel, and would show this Honorable Court the following:

1. The Debtor filed Chapter 13 Bankruptcy on **November 3, 2011,** and the Chapter 13 Plan was confirmed on **December 27, 2011** with payments of **$404.00** to be paid **weekly** and a **12%** dividend to unsecured creditors, for a term of **60** months. Additionally, the debtor's weekly **payments were to increase (step up) to $490.81 beginning in 5/2012,** due to the payoff of one of the debtor's 401k loans.

2. Since the confirmation of the Chapter 13 Plan, the Debtor's overtime hours at work have been drastically cut. Consequently, he cannot afford to pay the increased plan payment amount of $490.81 per week.

   **WHEREFORE,** the Debtor prays that this plan be modified as follows:

   - To allow the Chapter 13 plan payments to remain at **$404.00** to be paid **weekly;**
   - To keep the dividend to unsecured creditors at **12%;** and
   - To forgive any plan payment arrearages.

No other terms of the Chapter 13 Plan shall be modified.

DATED: May 2, 2012                    BY:    /s/ FREDERICK W. HOETHKE, ESQ.
                                             Attorney for Debtor
                                             320 N. Cedar Bluff Road
                                             Suite 203
                                             Knoxville, TN 37923
                                             (865) 470-7771
                                             **rick@saffalawgroup.com**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing **Motion to Modify Confirmed Chapter 13 Plan, Notice of Motion to Modify Confirmed Plan, Meeting with Trustee, and Objection Deadline, Proposed Modified Chapter 13 Plan & Amended budget (if applicable)** has been forwarded to the following by US Mail, and/or Electronic Case Filing:

Chapter 13 Trustee
Gwendolyn M. Kerney
P.O. Box 228
Knoxville, TN 37919

Patricia C. Foster, Attorney for the US Trustee
Suite 114, 800 Market Street
Howard H. Baker, Jr. US Courthouse
Knoxville, TN, 37902

All creditors (See attached list)


/s/ FREDERICK W. HOETHKE, ESQ.
Attorney at Law

Dated: May 2, 2012

1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| IN RE:  **Curtis William Perry** | **CASE NO.: 3:11-bk-35034** |
| **Debtor(s).** | **Chapter: 13** |

### NOTICE OF MOTION TO MODIFY CONFIRMED PLAN, MEETING WITH TRUSTEE, AND OBJECTION DEADLINE

**PLEASE TAKE NOTICE** that pursuant to 11 U.S.C. § 1329 and Fed. R. Bankr. P. 2002(a)(5):

1.  The debtor is filing the attached motion to modify confirmed plan and proposed modified plan.

2.  The debtor will meet with the chapter 13 trustee on **6/7/12** at **10:30 am** at the Howard H. Baker Jr., U.S. Courthouse, Bankruptcy Meeting Room, 800 Market Street, Knoxville, TN. You may attend that meeting and examine the debtor regarding the proposed modified plan.

3.  **Any party wishing to object to the proposed modified plan of the debtor must file a written objection with the clerk of the United States Bankruptcy Court, Howard H. Baker Jr., U.S. Courthouse, Suite 330, 800 Market Street, Knoxville, TN, 37902, before the scheduled time of the meeting with the chapter 13 trustee referenced in paragraph 2 of this Notice of before the scheduled time of any continued meeting, or lodge a written objection with the chapter 13 trustee at the meeting.** Any objection to the modified plan must set forth the reasons for the objection and must state that a copy of the objection has been served upon the debtor(s), the attorney listed below, and the chapter 13 trustee, P.O. Box 228, Knoxville, TN, 37901, unless the objection is lodged with the Trustee during the scheduled meeting.

4.  Absent on objection, the court may enter an order granting the motion to modify the confirmed plan without further notice or hearing. If an objection is filed, a hearing on the objection will be held at Howard H. Baker Jr., U.S. Courthouse, 800 Market Street, Courtroom 1C, Knoxville, TN, 37902, on **6/20/12** at **9:00 am**, unless the debtor and the objecting parties agree to a different date at the scheduled meeting.

DATED: May 3, 2012                    BY:   /s/ FREDERICK W. HOETHKE, ESQ.
                                              FREDERICK W. HOETHKE, ESQ.
                                              # 026145
                                              SAFFA LAW GROUP, PLLC
                                              Attorney for Debtor
                                              320 N. Cedar Bluff Road

Suite 203
Knoxville, TN 37923
(865) 470-7771
**rick@saffalawgroup.com**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing MOTION TO MODIFY CONFIRMED PLAN, MEETING WITH TRUSTEE, AND OBJECTION DEADLINE has been forwarded to the following by US Mail, and/or Electronic Case Filing:

Chapter **13** Trustee
Gwendolyn M. Kerney
Chapter 13 Trustee
314 Erin Drive, Suite 201
Knoxville, TN 37919

Patricia C. Foster, Attorney for the US Trustee
Suite 114, 800 Market Street
Howard H. Baker, Jr. US Courthouse
Knoxville, TN, 37902

All creditors (See attached list)

/s/ FREDERICK W. HOETHKE, ESQ.
Attorney at Law

Dated: May 3, 2012

3

Abercrombie Radiology
PO Box 3010
Knoxville, TN 37927

Anesthesia Medical Alliance
501 20th Street, Suite 606
Knoxville, TN 37916

Asset Acceptance Llc
Po Box 2036
Warren, MI 48090

Bank Of America
Po Box 1598
Norfolk, VA 23501

Bank Of America
Po Box 17054
Wilmington, DE 19850

Brice, Vander Linden & Wernick, PC
9441 LBJ Freeway, Suite 350
Dallas, TX 75243

Candica LLC
c/o Weinstein & Riley PS
2001 Western Ave. Ste. 400
Seattle, WA 98121

Capital One NA
c/o Creditors Bankruptcy Service
PO Box 740933
Dallas, TX 75374

Cbna
Po Box 6497
Sioux Falls, SD 57117

Cfsi/Hhld
700 N Wood Dale Rd
Wood Dale, IL 60191

Chase
Po Box 2201
Wilmington, DE 19850

Chase
1 Chase Sq
Rochester, NY 14643

Chase Manhattan Mtge
3415 Vision Dr
Columbus, OH 43219

Citi Flex
Po Box 6241
Sioux Falls, SD 57117

Citi/Cbna
Po Box 6497
Sioux Falls, SD 57117

Drayer Therapy
8537 Asheville Hwy
Ste. 201
Knoxville, TN 37924

Enhanced Recovery Co L
8014 Bayberry Rd
Jacksonville, FL 32256

Fcnb/Mstr
Po Box 92268
Norcross, GA 30010

Fidelity Investments
Retirement Services Operations
PO Box 770001
Cincinnati, OH 45277

Gemb/Belk
Po Box 981491
El Paso, TX 79998

Gemb/Ge Money Bank Low
Po Box 103065
Roswell, GA 30076

Gemb/Hh Gregg
Po Box 981439
El Paso, TX 79998

Gemb/Jc Penney Dc
Po Box 981400
El Paso, TX 79998

Gemb/Jcp
Po Box 984100
El Paso, TX 79998

Gemb/Walmart
Po Box 981400
El Paso, TX 79998

Hsbc Bank
Po Box 5253
Carol Stream, IL 60197

Hsbc/Bsbuy
Po Box 15519
Wilmington, DE 19850

Hsbc/Comp
Po Box 15524
Wilmington, DE 19850

Hsbc/Paris
Po Box 15521
Wilmington, DE 19805

Ibm Southeast Emp Fcu
790 Park Of Commerce Blv
Boca Raton, FL 33487

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Midland Funding LLC
c/o Hosto & Buchan, PLLC
PO Box 3397
Little Rock, AR 72203

Region/Ams
Po Box 11007
Birmingham, AL 35288

John M. Richardson, Jr., Esq.
403A Madison Street
Clarksville, TN 37040

Morequity
601 Nw 2nd St
Evansville, IN 47708

Shoreline Funding
c/o Nicholas Adler, Esq.
5409 Maryland Way, Ste. 315
Brentwood, TN 37027

Knox Co. General Sessions Court
P.O. Box 379
300 Main Street
Knoxville, TN 37901

Nationstar Mortgage
350 Highland Drive
Lewisville, TX 75067

Springleaf Financial S
600 N Royal Ave
Evansville, IN 47715

Knox County Trustee
Property Tax Division
P.O. Box 70
Knoxville, TN 37901

Optima Recovery Servic
6215 Kingston Pk Ste A
Knoxville, TN 37919

State Farm Financial S
3 State Farm Plaza N-4
Bloomington, IL 61791

Knoxville Orthopaedic Clinic
260 Fort Sanders West Blvd.
Building #6
Knoxville, TN 37922

Ornl Credit Union
Po Box 365
Oak Ridge, TN 37831

Suzanne H. Bauknight
U.S. Attorney's Office
Howard H. Baker, Jr. U.S. Courthou
800 Market Street, Ste. 211
Knoxville, TN 37902

Kohls/Capone
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051

Orthotennessee Orthotics
260 Ft Sanders West Blvd
Knoxville, TN 37922

Unvl/Citi
Po Box 6241
Sioux Falls, SD 57117

Magnolia Grove RTO LLC
MSC 410667
PO Box 415000
Nashville, TN 37241-5000

Portfolio Recvry&Affil
120 Corporate Blvd Ste 1
Norfolk, VA 23502

Ut Federal Cr Union
2100 White Ave
Knoxville, TN 37916

Mcydsnb
9111 Duke Blvd
Mason, OH 45040

Pride Acquisitions LLC
c/o Baker, Sanders, Barshay, Grossman
100 Garden City Plaza
Suite 500
Garden City, NY 11530

Y12 Federal Credit Union
PO Box 2512
Oak Ridge, TN 37830

Mercy Health Partners
900 E. Oak Hill Ave.
Knoxville, TN 37917

Pulte Mortgage Corp
7475 S Joliet St
Englewood, CO 80112

Midland Credit Mgmt
8875 Aero Dr
San Diego, CA 92123

Rbs Citizens Na
1000 Lafayette Blvd
Bridgeport, CT 06604

## IN THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE
## CHAPTER 13 PLAN

Check:        (  ) Original        (  ) Amended Pre-Confirmation        ( x )Modified Post-Confirmation

IN RE:        **Curtis William Perry**                    CASE NUMBER :        **3:11-bk-35034**

         Debtor

1.     **PLAN PAYMENT/TERM.** The debtor(s) shall make plan payments of **$404.00** on a ( x )weekly; (  )bi-weekly; (  )semi-monthly; or (  )monthly basis over a **term of** (  )36; ( x )60 months by (  )direct pay or ( x )wage order. If payments are by wage order, debtor(s) shall be responsible for making plan payments directly to the Trustee until the employer commences wage order deductions. Debtor(s) shall commence plan payments not later than 30 days from the date of filing; provided, however, if the bankruptcy filing fee and/or pre-confirmation adequate protection payments are required to be made by the Trustee, a full month of plan payments shall be made by the debtor(s) within thirty (30) days from the date of filing.

2.     **TAX REFUNDS.** In addition to the above-plan payments, debtor(s) tax refunds and/or earned income credits shall be paid into the plan as follows: (  )none; (  )all: or, in excess of (  )$500, (  )$1,000.00, (  )$1,500.00. A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund. If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor. In the event of a joint tax refund, debtor to supply affidavit from non-filing spouse necessary for tax refund distribution herein.

3.     **PROPERTY OF THE ESTATE/INSURANCE.** Debtor(s)' income and assets remain property of the estate and do not vest in the debtor until completion of the plan. Debtor(s)' shall be responsible for any and all legal or contractual insurance requirements required to be maintained on estate properties. Debtor(s) retaining possession of personal property subject to a lease or securing a claim attributable to the purchase price of personal property shall within 60 days of bankruptcy filing provide the creditor proof of full coverage insurance and maintain the same so long as debtor shall retain possession of said property.

4.     **PRIORITY EXPENSES (including ADMINISTRATIVE EXPENSES)** under 11 U.S.C. §503(b) and §1326 shall be paid in full with claims entitled to priority under 11 U.S.C. §507(b) paid in full in deferred cash payments.

      a)        Debtor(s)' **Chapter 13 attorney fees** shall be paid in the amount of **$3,000.00**, less $0 previously paid by the debtor(s).

      b)        **Tax claims** to be paid as secured, priority, and/or unsecured non-priority in accordance with the filed claim.

      c)        **Domestic support obligations** shall be paid as priority; provided, however, any child support obligations which are current at the time of filing and are being paid directly or by wage order deductions shall continue with no payments by the Trustee and per 11 U.S.C. §362(b)(2)(A)(ii) no stay shall be in effect for the establishment or modification of an order for these domestic support obligations. The following, however, are 11 U.S.C. §507 (a)(1)(B) domestic support obligations which have been assigned to a governmental unit and may not be paid in full per 11 U.S.C. §1322(a)(4) in the event this is a five year plan providing for all of debtor(s) projected disposable income. Specifically, the debtor has child support and/or alimony obligation being paid as follows: **N/A**

5.    **POST PETITION** claims allowed under 11 U.S.C. §1305 shall be paid in full. The debtor(s), however, must stay current with post-petition tax obligations. In the event the debtor(s) have self-employment income, all required quarterly estimated tax payments shall be made timely. In the event the debtor(s) have income subject to withholding, the debtor(s) shall ensure that sufficient sums are withheld to cover tax liabilities. Debtor(s) shall timely file all required federal and/or state tax returns and remit any balance due with the return. Failure to comply with any of these provisions, may result in the dismissal of the case upon motion by any governmental entity and/or Trustee.

6.    **NON-PRIORITY UNSECURED CREDITORS** shall be paid pro-rata by the Trustee on a funds available basis which may exceed, but will not be less than the following dividend range:  (  )0%;    (  )1%-5%;    ( x )6%-20%;    (  )21% -70%;    (  )71% - 100%;    or (  )100%

7.    **COSIGNED DEBT.**  The following cosigned claims shall be paid by the Trustee in full at the claim contract rate of interest not to exceed 24% interest for full protection of co-debtor(s):

| Creditor: | Approximate Balance: | Monthly Payment |
|---|---|---|
| N/A | | |

8.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**  Except for the following which are assumed, all executory contracts and unexpired leases are rejected with any claim arising from rejection to be paid as unsecured: **N/A**

9.    **NON-PURCHASE MONEY SECURITY INTEREST** lien claims of the following creditors are avoided and paid as unsecured: **N/A**

10.   **QUALIFIED RETIREMENT AND/OR PENSION** loans or claims shall be paid directly by debtor(s) pursuant to the terms of plan administration with no payments by the Trustee.

11.   **SECURED CLAIMS PAID BY THIRD PARTY.**  The Trustee shall make no payments on the following secured claims which shall be paid outside the plan by the designated individual; provided, however, in the event of non-payment by the designated individual, an amended deficiency claim shall be allowed unless specifically disallowed herein.

| Creditor: | Collateral: | Designated Individual: |
|---|---|---|
| N/A | | |

12A.   **MORTGAGE** claim balances survive the plan.

The Debtor(s) own a house and lot located at **521 Bagwell Lane, Knoxville, TN, 37924,** which is subject to a **first mortgage** or long-term lien held by **Nationstar Mortgage,** and which shall be paid by the Trustee in monthly maintenance payments of **$1140.00** beginning **1/2012.**

Upon notification received as set forth in section 12(a)(4) and/or (5) herein, the Trustee shall pay any future mortgage increases or decreases due to escrow and interest rate changes, subject to the rights of the Debtors and/or the Trustee to object.

Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtors to do all of the following:

(1)    To apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

(2)    To deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or defaults.

(3)     To apply the post-petition monthly mortgage payments paid by the Trustee or by the Debtors to the month in which each payment is designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor in the outstanding loan balance or are placed into some type of suspense, forbearance, or similar account.

(4)     To notify the Trustee, the Debtors, and the attorney for the Debtors, in writing, of any changes in the interest rate for any non-fixed rate or adjustable rate mortgages and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

(5)     To notify the Trustee, the Debtors, and the attorney for the Debtors, in writing, of any changes in the property taxes and/or property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

(6)     To file with the court and serve upon the Trustee, the Debtors, and the attorney for the Debtors, by February 15 of each year governed by this plan, an Annual Statement detailing the following amounts paid by the Debtors during the preceding calendar year:  (i) all payments applied to the principal balance;  (ii) all payments applied to interest;  (iii) all payments applied to any escrow and/or suspense accounts; (iv) all payments applied to any pre-petition arrearage claim and the remaining balance; and (v) all fees and charges alleged to have accrued post-petition, along with an explanation thereof.  Failure to file and serve the Annual Statement as set forth herein results in the mortgage being deemed fully current as of the calendar year for which the Annual Statement is due.  The final Annual Statement shall be filed and served within 45 days after the Trustee files her Preliminary Trustee's Final Report and Certificate of Final Payment, a copy of which shall be served by the Trustee on the holder or servicer of any claim required to file an Annual Statement.  The failure to file the final Annual Statement as set forth herein following completion of the Debtors' plan and entry of discharge results in the mortgage being deemed fully current as of the date reflected in the Chapter 13 Trustee's Final Report and Certificate of Final Payment.

(7)     *Modifications.*  The holders of claims secured by a mortgage on real property of the Debtors, proposed to be cured in section 12(a) of this plan shall adhere to and be governed by the following:

(A)     *Pre-petition defaults.*  If the Debtors pay the cure amount specified in section 12(a), or in such lesser or greater amounts as may be established by the creditor's allowed proof of claim, which timely making all required post-petition payments, the mortgage will, at the conclusion of the plan, be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.

(B)     *Post-petition defaults.*  As set forth in section 12(a)(6) above, the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust on a principal residence of the Debtors have an affirmative duty to file with the court and serve upon the Trustee, the Debtors, and the attorney for the Debtors an Annual Statement disclosing the status of the Debtors' mortgage loan account.  Within 30 days of receipt of the Annual Statement, the Debtors may either (i) challenge the accuracy thereof by filing a motion with the court, to be served upon the holder and the Trustee, or (ii) propose a modified plan to provide for payment of additional amounts that the Debtors acknowledge or the court determines are due.  To the extent that amounts set forth on a timely filed Annual Statement are not determined by the court to be invalid or are not paid by the Debtors through a modified plan, the rights of the holder to collect these amounts will be unaffected.

(C)     *Costs of collection.*  Costs of collection incurred by the holder after the filing of this bankruptcy case, including attorneys' fees, shall be claimed pursuant to section 12(A)(7)(B) above.  No late fees shall be incurred or demanded due to administrative delays by the Trustee's office.

**12B**     **STRIPPED MORTGAGES.**  The following mortgages and/or liens shall be avoided, stripped down and paid as an unsecured creditor as provided for under the plan, and the lien released upon conclusion of the debtor(s) plan and discharge of the debtor(s) hereunder: **N/A**

13.    **SECURED CREDITORS/ PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS.** The holders of the following allowed claims shall be paid the designated secured amount and/or value, interest rate and monthly payment over the life of the plan. Any portion of the allowed claim exceeding the designated secured value shall be paid as unsecured; provided, however, the lien securing the claim shall be retained until the earlier of: (a) payment underlying debt determined under non-bankruptcy law; or (b) discharge under 11 U.S.C. §1328. If this case is dismissed or converted prior to completion, the lien is retained to the extent recognized by applicable nonbankruptcy law.

Secured creditors eligible for pre-confirmation adequate payments shall be paid monthly pre-confirmation adequate protection payments by the Trustee in an amount equal to the designated monthly secured payment only in the event the secured creditor circulates for entry an agreed adequate protection order.  Pre-confirmation adequate protection payments shall be subject to the Trustee administrative fee and paid pro-rata to the extent funds are available in the event more than one creditor is entitled to pre-confirmation adequate protection payments.

**PROOF OF PERFECTION BY SECURED CREDITOR, INCLUDING MORTGAGES:** Prior to the meeting of creditors, all creditors asserting a security interest in property of the estate or property of the debtor(s), must file proof that the asserted security interest has been perfected in accordance with applicable law, regardless of whether the claim is paid by the Trustee or directly by the debtor(s). **(Local Bankruptcy Rule 3001-1 (a) and (b)).**

Claims filed as secured but not given a secured plan treatment herein shall be paid as unsecured irrespective of confirmed plan treatment and are subject to Trustee objection and/or lien avoidance if not property documented or perfected.

( A )    **The following creditors ARE NOT entitled to pre-confirmation adequate protection payments:**

| Creditor | Collateral | Amount or Value | Payment | Interest Rate |
|---|---|---|---|---|
| N/A | | | | |

( B )    **The following creditors are entitled to pre-confirmation adequate protection payments pursuant to the entry of an adequate protection order:**

| Creditor | Collateral | Amount or Value | Payment | Interest Rate |
|---|---|---|---|---|
| Magnolia Grove RTO LLC | Storage shed | $2250.00 | $45.00 | 6% |
| Y12 Federal Credit Union | 2007 Ford F150 | $1399.93 | $34.00 | 6% |

14.    **SURRENDERED COLLATERAL.** The debtor(s) surrender the following collateral and the secured creditor, unless noted otherwise, shall file and be paid an amended deficiency claim which shall relate back to a <u>timely</u> filed secured claim. In order for the amended deficiency claim to relate back to the original claim, the amended claim must be filed within one hundred twenty (120) days from the claims bar date unless the creditor during this time seeks and is granted additional time within which to file any amended deficiency claim.

| Creditor: | Collateral: |
|---|---|
| N/A | |

**15.**       **SPECIAL PROVISIONS:**

The debtor's one remaining 401(k) loan to be paid outside the plan by debtor. No payments to be made by trustee.

Plan payment shall increase (step-up) to $452.84 Weekly beginning in 7/2014 due to completion of the debtor's one remaining 401(k) loan.

May 2, 2012                          /s/  Curtis Perry
Date

                                    Debtor.

/s/ FREDERICK W. HOETHKE, ESQ.
FREDERICK W. HOETHKE, ESQ.
# 026145
SAFFA LAW GROUP, PLLC
Debtor's Attorney
320 N. Cedar Bluff Road
Suite 203
Knoxville, TN 37923
(865) 470-7771
rick@saffalawgroup.com

B6I (Official Form 6I) (12/07)

In re **Curtis William Perry**                         Case No.   **3:11-bk-35034**

Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - SECOND AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **service** | |
| Name of Employer | **ADT Security Services** | |
| How long employed | **31 years** | |
| Address of Employer | **2400 Cherahala Blvd.**<br>**attn: Ben Hancock**<br>**Knoxville, TN 37932** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 4,404.31 | $ | N/A |
| 2. Estimate monthly overtime | $ | 0.00 | $ | N/A |
| 3. SUBTOTAL | $ | 4,404.31 | $ | N/A |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a. Payroll taxes and social security | $ | 924.69 | $ | N/A |
|     b. Insurance | $ | 230.70 | $ | N/A |
|     c. Union dues | $ | 40.40 | $ | N/A |
|     d. Other (Specify):     **401K loan #1** | $ | 211.64 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 1,407.43 | $ | N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 2,996.88 | $ | N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | N/A |
| 8. Income from real property | $ | 0.00 | $ | N/A |
| 9. Interest and dividends | $ | 0.00 | $ | N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | N/A |
| 11. Social security or government assistance<br>(Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 12. Pension or retirement income | $ | 0.00 | $ | N/A |
| 13. Other monthly income<br>(Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 2,996.88 | $ | N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | 2,996.88 | |

(Report also on Summary of Schedules and, if applicable, on<br>Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| IN RE:  **Curtis William Perry** | **CASE NO.: 3:11-bk-35034** |
|---|---|
| **Debtor.** | **Chapter: 13** |

### UNSWORN DECLARATION UNDER PENALTY OF PERJURY TO SECOND AMENDED SCHEDULE I

I, **Curtis William Perry,** declare under penalty of perjury that I have read the above Amendment, and the matters stated therein are true and correct to the best of my knowledge, information and belief.

**DATED:**   May 2, 2012          /s/ Curtis William Perry

**DATED:**   May 2, 2012          /s/ FREDERICK W. HOETHKE, ESQ.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Amendment has been forwarded to the following by US Mail and/or ECF on today's date.

Patricia Foster (ECF)
Attorney for Trustee

Gwendolyn M. Kerney
Chapter 13 Trustee


/s/ FREDERICK W. HOETHKE, ESQ.
FREDERICK W. HOETHKE, ESQ.
#026145
320 N. Cedar Bluff Road
Suite 203
Knoxville, TN 37923
(865) 470-7771
**rick@saffalawgroup.com**

DATED: May 2, 2012

1

B6J (Official Form 6J) (12/07)

In re **Curtis William Perry**_____    Case No. **3:11-bk-35034**_____
                                 Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - SECOND AMENDED

      Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 0.00 |
|    a. Are real estate taxes included?               Yes **X**   No ___ | | |
|    b. Is property insurance included?             Yes **X**   No ___ | | |
| 2. Utilities:     a. Electricity and heating fuel | | $ 175.00 |
|                 b. Water and sewer | | $ 0.00 |
|                 c. Telephone | | $ 0.00 |
|                 d. Other   **See Detailed Expense Attachment** | | $ 212.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 25.00 |
| 4. Food | | $ 290.00 |
| 5. Clothing | | $ 50.00 |
| 6. Laundry and dry cleaning | | $ 25.00 |
| 7. Medical and dental expenses | | $ 20.00 |
| 8. Transportation (not including car payments) | | $ 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 53.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|                 a. Homeowner's or renter's | | $ 0.00 |
|                 b. Life | | $ 0.00 |
|                 c. Health | | $ 0.00 |
|                 d. Auto | | $ 100.00 |
|                 e. Other _____ | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|         (Specify) _____ | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|                 a. Auto | | $ 0.00 |
|                 b. Other _____ | | $ 0.00 |
|                 c. Other _____ | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other   **See Detailed Expense Attachment** | | $ 95.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 1,245.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.    Average monthly income from Line 15 of Schedule I | | $ 2,996.88 |
| b.    Average monthly expenses from Line 18 above | | $ 1,245.00 |
| c.    Monthly net income (a. minus b.) | | $ 1,751.88 |

B6J (Official Form 6J) (12/07)
In re   **Curtis William Perry**                                                    Case No.   **3:11-bk-35034**
                                                       Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - SECOND AMENDED
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| cell phone | $ | 56.00 |
| internet | $ | 97.00 |
| security | $ | 59.00 |
| **Total Other Utility Expenditures** | $ | 212.00 |

**Other Expenditures:**

| | | |
|---|---|---|
| work lunch | $ | 50.00 |
| pet food | $ | 20.00 |
| personal hygiene | $ | 25.00 |
| **Total Other Expenditures** | $ | 95.00 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| IN RE: **Curtis William Perry** | **CASE NO.: 3:11-bk-35034** |
|---|---|
| **Debtor.** | **Chapter: 13** |

### UNSWORN DECLARATION UNDER PENALTY OF PERJURY TO
### SECOND AMENDED SCHEDULE J

I, **Curtis William Perry,** declare under penalty of perjury that I have read the above Amendment, and the matters stated therein are true and correct to the best of my knowledge, information and belief.

**DATED:** May 2, 2012        /s/ Curtis William Perry

**DATED:** May 2, 2012        /s/ FREDERICK W. HOETHKE, ESQ.


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Amendment has been forwarded to the following by US Mail and/or ECF on today's date.

Patricia Foster (ECF)                    Gwendolyn M. Kerney
Attorney for Trustee                     Chapter 13 Trustee


/s/ FREDERICK W. HOETHKE, ESQ.
FREDERICK W. HOETHKE, ESQ.
#026145
320 N. Cedar Bluff Road
Suite 203
Knoxville, TN 37923
(865) 470-7771
**rick@saffalawgroup.com**

DATED: May 2, 2012